**IT IS ORDERED**

**Date Entered on Docket: October 13, 2015**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re

Saher Saman

        Debtor.

Deborah Donner,

        Plaintiff,

v.

Saher Saman,

        Defendant.

Case No. 14-13474-t7

Adv. No. 15-01021-t

**STIPULATED JUDGMENT FOR NONDISCHARGEABLE DEBT**

THIS MATTER is before the Court on the stipulation of the parties, Deborah Donner, and Saher Saman, with the advice and consent of their respective attorneys. The Court having

reviewed the documents on file, being advised of the stipulation of the parties, and being otherwise fully informed on the premises finds as follows:

1.  This is a core proceeding. The Court has jurisdiction to enter this judgment and venue is proper in this Court.
2.  Ms. Donner paid for the following artwork the amounts set forth below:

| Title of Artwork | Date | Amount Paid |
|---|---|---|
| Regeneration (Wolves and Elk) | December 19, 2011 | $52,000.00 |
| Admonition (Owl) | June 5, 2012 | $24,000.00 |
| Yolo (2 Cranes) | July 6, 2012 | $24,000.00 |
| Genet & Cockteau (Macaw and Rooster) | September 13, 2012 | $25,000.00 |
| Kelseyville (Snake and Thrasher) | September 13, 2012 | $10,000.00 |

3.  Mr. Saman knowingly made several false representations to Ms. Donner. These representations included:

    a.  Mr. Saman would sell the artwork to Ms. Donner.

    b.  Mr. Saman was authorized to sell Jeff Long's artwork.

    c.  Mr. Saman made the implicit representation that, upon payment of the purchase price, Mr. Saman would deliver to Jeff Long an agreed upon amount of money, and Mr. Saman would convey good title to the artwork to Ms. Donner.

4.  Ms. Donner relied on these representations and paid Mr. Saman for Jeff Long's artwork.

5.  Ms. Donner's reliance on these representations was reasonable.

6.  The representations caused a loss in the amount of $135,000.

7.  Upon paying the purchase price, Ms. Donner acquired title to the artwork because it was entrusted to Mr. Saman, and when it was taken and not returned this constituted conversion by Mr. Saman. § 55-2-403 NMSA 1978.

-2-

8. Mr. Saman had full knowledge that his actions in failing to remit proceeds of the purchases to Jeff Long would result in injury to Ms. Donner or her property.

9. Mr. Saman converted Ms. Donner's money to his own use or to benefit his business.

10. Mr. Saman's actions in accepting Ms. Donner's funds and failing to remit the proceeds to Jeff Long was a wrongful act.

11. Mr. Saman's actions in not returning the artwork that belonged to Ms. Donner was a wrongful act.

12. Mr. Saman's actions in not returning the artwork were made without justification or excuse.

13. Mr. Saman's actions were undertaken intentionally.

14. Mr. Saman agrees that he waives any right, if any, to appeal the form and substance of this Judgment.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

A. Judgment is entered on the Complaint in favor of Plaintiff, Deborah Donner, and against Defendant, Saher Saman in the amount of $135,000.00, as of June 11, 2015.

B. This Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

C. This Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

D. This Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

### END OF ORDER ###

Stipulated:

By: _____
      Saher Saman

By: _____
William Ivry
P.O. Box 263
Santa Fe, New Mexico 87504
Telephone: 505.424-1202
*Attorney for Debtor-Defendant Saher Saman*

By: _____
      Deborah Donner

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: _____
Spencer L. Edelman
Post Office Box 2168
Albuquerque, New Mexico  87103-2168
Telephone: 505.848.1800
*Attorneys for Deborah Donner*

---

*Y:\dox\client\86475\0001\DRAFTS\W2524955.DOCX*

-4-